UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MLK MARLTON, LLC,<br><br>            Plaintiff,<br><br>      v.<br><br>ARTHUR DOYLE, ET AL.,<br><br>            Defendants. | Case No. CV 15-9519-JAK (PJWx)<br><br>ORDER REMANDING IMPROPERLY REMOVED ACTION TO LOS ANGELES COUNTY SUPERIOR COURT<br><br>**JS-6** |

   Before the Court is an unlawful detainer action that Defendant Arthur Doyle removed from the Los Angeles Superior Court.  For the following reasons, the application is granted and the case is remanded to the Superior Court.

   In September 2015, Plaintiff filed an unlawful detainer action in the Los Angeles Superior Court at its Santa Monica Courthouse, claiming that Defendant's fixed-term lease had expired.  On December 9, 2015, Defendant removed the action to this Court, arguing that there was federal question jurisdiction because the action turns on questions of federal law.

   In general, federal district courts lack subject matter jurisdiction over unlawful detainer actions like this one because they

are grounded in state, not federal law. This does not change simply because a defendant raises a federal question as an affirmative defense or counterclaim. *See Vaden v. Discover Bank*, 556 U.S. 49, 60 (2009) ("Federal jurisdiction cannot be predicated on an actual or anticipated defense . . . [or] rest upon an actual or anticipated counterclaim."). Further, it is clear from the face of the Complaint that there is no diversity jurisdiction under 28 U.S.C. § 1332 because, even if Defendant could establish diversity, the amount in controversy is less than $10,000. As a result, Defendant's removal of the action was improper and the case is remanded to the Superior Court for further proceedings. *See* 28 U.S.C. § 1441(a); *see also Gaus v. Miles, Inc.*, 980 F.2d 564, 567 (9th Cir. 1992).

Plaintiff's request for attorney's fees in the amount of $1,600 is granted in part. *See* 28 U.S.C. § 1447(c) ("An order remanding the case may require payment of just costs and actual expenses, including attorney's fees, incurred as a result of the removal."). The amount of fees requested is reduced to $500 to reflect what is deemed a reasonable amount of fees necessary to respond to what is a meritless removal. Defendant is ordered to pay the fees no later than January 29, 2016.

Accordingly, IT IS ORDERED that (1) pursuant to 28 U.S.C. § 1447(c), this case is REMANDED to the Los Angeles Superior Court, at its Santa Monica Courthouse, which is located at 1725 Main Street, Santa Monica, CA; (2) the clerk shall send a

certified copy of this Order to the Superior Court; (3) the clerk shall serve copies of the Order on the parties; and (4) no later than January 29, 2016, Defendant shall pay to Plaintiff $500 as reimbursement for costs and attorney's fees. This Court retains jurisdiction to enforce the order awarding attorney's fees.

IT IS SO ORDERED.

DATED: January 7, 2016

_____
JOHN A. KRONSTADT
UNITED STATES DISTRICT JUDGE

Presented by:

_____/s/_____
PATRICK J. WALSH
UNITED STATES MAGISTRATE JUDGE

C:\Users\akeifer\AppData\Local\Temp\notesC7A056\Order remanding (with fees)_mtd.wpd